DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHELLE FLAIM,**
Appellant,

v.

**RYAN FLAIM,**
Appellee.

No. 4D2024-2314

[July 9, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Darren Shull, Judge; L.T. Case No. 502020DR010118XXX.

Jeffrey A. Miller of Miller Law, Boca Raton, and Jeffrey V. Mansell of Burlington & Rockenbach, P.A., West Palm Beach, for appellant.

No appearance for appellee.

LEVINE, J.

Michelle Flaim ("wife") appeals an order denying her motion to enforce the parties' marital settlement agreement ("MSA"). The trial court found that the MSA did not require Ryan Flaim ("husband") to provide the wife with half of an escrow refund check which was payable to both parties. We find that the trial court erred because the escrowed funds constituted net sale proceeds of the marital home to be divided equally by the parties under the MSA.

The trial court entered a final judgment for dissolution of marriage, incorporating the MSA into the judgment. The MSA provided that the parties would sell the marital home, and the sale proceeds would be distributed as follows:

> *The net sale proceeds (sale proceeds minus realtor commissions minus mortgage) shall be divided between the parties as follows:* The Wife shall receive the first $60,000 of the sale proceeds. *The remaining sale proceeds, if any, shall be divided equally between the parties.* Should the home sell for less than $400,000, the Wife shall be entitled to all of the

net proceeds (gross minus: mortgage, closing costs, realtor fees, credit to the Husband for expenses paid). *The Husband shall not owe the Wife any additional funds.*

(emphasis added).

The parties sold the home for $500,000. The net proceeds at closing were $136,711.36. The wife received $60,000, the husband received $5,461 for mortgage payments, and then the remainder was equally divided between the parties.

More than a year after closing, the mortgage lender issued a check, payable to both parties, for $4,991.87. A notation on the check stated the amount was "FOR PAYMENT OF MISCELLANEOUS ESCROW." The husband endorsed the check and deposited it into his bank account. The husband refused the wife's request to give her half of the amount of the check.

The wife moved to enforce the MSA, arguing that she was entitled to half of the returned escrow funds. The wife argued that the returned escrow funds would have been part of the net proceeds to be equally divided had the lender not waited to disburse.

During a hearing, the wife presented unrebutted expert testimony from a board-certified real estate attorney that the mortgage payment each month consisted of principal, interest, and escrow to pay property taxes and insurance. The witness further testified that it is standard practice for the lender to issue a check for escrowed funds several months after closing and after recording the satisfaction of mortgage. Consistent with that practice, here, the lender issued a check payable to both parties for $4,991.87 for payment of miscellaneous escrow funds, meaning property taxes and insurance. According to the witness, the escrow funds were, by definition, part of the mortgage payment. The witness concluded that because both parties paid the funds, they should split the credit.

When the trial court asked the witness to confirm the refund did not come from the sale proceeds, the witness stated this was incorrect. Rather, this was "part of the mortgage" payments that "the lender held to the side," which the parties agreed in the MSA would be split.

The trial court entered a written order denying the motion for two reasons:

First, the tax escrow refund check in question is not by

definition classified as net proceeds from the sale of the home. Second, the MSA states clearly that after each party receives what they agreed to at the time of closing that "[h]usband shall not owe the Wife any additional funds."

The wife moved for reconsideration, stating that had the bank credited the $4,991.87 to the parties at closing, the $4,991.87 would have been included on the bottom line of the HUD-1 closing statement and been divided equally as part of the "remaining sale proceeds." The wife further argued that neither party had any greater right to the escrow funds than the other.

The trial court denied the motion for reconsideration. The wife appeals, arguing that the trial court erred by failing to enforce the MSA.

"Interpretation of a written contract is a matter of law; therefore, the trial court's ruling may be reviewed de novo." *Scott v. Simpson*, 774 So. 2d 881, 883 (Fla. 4th DCA 2001) (citation omitted). "Where the language of a contract is clear and unambiguous, the court can give to it no meaning other than that expressed." *Nawaz v. Universal Prop. & Cas. Ins. Co.*, 91 So. 3d 187, 188 (Fla. 4th DCA 2012) (citation omitted).

In its written order, the trial court summarily concluded, without any further explanation, that "the tax escrow refund check in question is not by definition classified as net proceeds from the sale of the home." Contrary to the trial court's conclusion, the $4,991.87 check was ultimately net sale proceeds to be divided equally between the parties under the MSA.

The MSA defined the "net sale proceeds" as "sale proceeds minus realtor commissions minus mortgage." The wife's expert witness presented unrebutted testimony that the $4,991.87 check represented portions of the mortgage payments that the lender still held in escrow, which the lender failed to disburse to the parties until over a year after the closing. The expert testified that the funds were, by definition, part of the mortgage. The funds would essentially reduce the mortgage, which, in turn, would increase the net sale proceeds by that amount. If the closing statement had accounted for that escrowed amount, the mortgage payoff from the parties to the lender would have been reduced accordingly. As a result, the $4,991.87, would have effectively been split equally between both parties.

The trial court also erred in concluding that the wife was not entitled to half of the escrow check because the MSA stated that the "Husband shall

3

not owe the Wife any additional funds." However, this is not a case where the wife sought additional funds from the husband after closing. Rather, the wife merely sought what the MSA contemplated, that being an even split of net proceeds from the sale.

Notably, the check was made payable to both parties. Under section 673.1101(4), Florida Statutes (2023): "If an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them." Thus, the husband could not unilaterally endorse and deposit the check into his own account. As the wife's expert witness testified, the check was made payable to both parties because they both contributed to the mortgage payments that led to the escrow balance. The provision in the MSA that the husband would not owe "any additional funds" did not give him authority to take for himself additional funds that were payable to both parties.

For the foregoing reasons, we reverse and remand with instructions for the trial court to grant the motion to enforce the MSA by requiring payment to the wife of $2,495.93, plus any applicable interest.

*Reversed and remanded with instructions.*

MAY and DAMOORGIAN, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

4